Mark F. Anderson (SBN 44787)
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Ste 914
San Francisco, California 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
Email: mark@aoblawyers.com

Attorneys for Plaintiff Robert L. Foster

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>LIEN ENFORCEMENT, INC.<br><br>Defendants. | Case No. 3:13-CV-00373 YGR<br><br>UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Hearing Date: October 7, 2013<br>Time: 2:00 PM<br>Courtroom 5, Oakland, CA<br>Judge: Hon. Yvonne G. Rogers |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Defendant Lien Enforcement, Inc. and counsel for Plaintiff Robert L. Foster conferred to discuss the matters set forth in Rule 16, Rule 26(f) and Local Rule 3-5. The Parties hereby submit their Joint Case Management Statement.

**1. BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Consequently, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367. All parties have been served.

Plaintiff has reached a settlement with former defendant Experian Information Solutions, Inc. Experian has been dismissed.

**2. FACTS**

**Plaintiff:** In In September 2001, plaintiff Robert L. Foster sold a 1987 Toyota Supra to Mr Chris Clough, a friend and resident of Tracy, Ca. On or about the day of the sale, plaintiff Foster sent DMV a Release of Liability form giving DMV notice of the sale. On March 20, 2007, Mr Clough sold the car to Mr Viet Hoang-Tran, a resident of San Jose, CA through the EBay Motors auction site. On March 27, 2008, Mr Hoang-Tran (or a person to whom he sold the car) allowed it to be towed from a street in San Jose by City Towing & Automotive.

When the owner failed to redeem the car, City Towing sold the car in a lien sale resulting in a deficiency claim of $1,276.01.

Since plaintiff was not the owner of the Toyota when it was towed, he is not responsible for the towing and storage debt. Vehicle Code § 5602 states that an owner who has made a bona fide sale or transfer of a vehicle and has delivered possession of it to purchaser is not liable for civil or criminal liability for the parking, abandoning, or operation of the vehicle thereafter by the another owner provided the seller delivered the title to the buyer or provided a Release of Liability to DMV. In this case, plaintiff delivered the title to the buyer and he filed a Release of Liability.

Lien Enforcement's account notes state plaintiff disputed the claim by contacting Lien Enforcement directly n October 29, 2012 and on December 3, 2012, when plaintiff sent LE a letter explaining he was not the owner of the vehicle when it was towed.

Plaintiff enclosed four documents with his December 3, 2012 letter—a bill of sale, a release liability, a CarFax report, and a notice from plaintiff's insurance company noting plaintiff had canceled insurance on the car at about the time of sale.

On January 11, 2013, plaintiff sent an online dispute to Experian explaining he was not the owner of the vehicle when it was towed and that Experian had deleted essentially the same account in 2008. In the ordinary course of business, Experian sent LE an automated consumer data verification form (ACDV). LE verified the report was accurate and Experian in turn sent plaintiff a credit report with the LE account unchanged.

Plaintiff was damaged as a result of defendants' inaccurate credit reporting. The reports lowered plaintiff's credit scores for example.

**Defendant:**

**A.** Defendant Lien Enforcement was assigned an account by City Towing and Automotive on or about 30 July 2012 in the name of Robert Lee Foster. The account was for the towing and impoundment of a vehicle. The vehicle was not claimed, and Department of Motor Vehicle records showed that the vehicle was registered to Robert Lee Foster. City Towing and Automotive conducted a valid lien sale of the vehicle. Notice of the lien sale was provided to Robert Foster.

The same day that the Account was assigned, a First Notice as required by the FDCPA was sent to account debtor Robert Lee Foster. Thereafter, nothing further was heard, until 19 October 2012. At that time Plaintiff contacted Defendant Lien Enforcement, Inc., (hereinafter referred to as "LEI") and advised it that he disputed the debt and LEI's assignor had committed violations of law. Plaintiff disputed the debt and indicated that he did not owe the money, but never advised LEI of any specific dispute. LEI coded the account as disputed.

On or about 30 November 2012, LEI received correspondence from the Plaintiff. At that time again, Plaintiff disputed the validity of the debt, but never advised LEI that the vehicle had been sold. Upon receipt of the letter, LEI coded the account as Cease and Desist and contacted

the assignor for additional documentation. At no time has Plaintiff ever provided a copy of the sale documents and/or any other document indicating that the car was sold.

Defendant generally denies the allegations of the complaint. At all times Defendant acted reasonably and in accordance with the information it had.

3. LEGAL ISSUES

**Plaintiff:** The FCRA requires furnishers of credit to conduct reasonable investigations as to disputed reports. A key legal issue is whether LE conducted a reasonable investigation and whether LE corrected any of account information that is inaccurate or incomplete.

An additional legal issue is whether LE violated California Civil Code § 1785.25 (a) by reporting information that it knew or should have known was inaccurate and incomplete, whether it complied with § 1785.25 (b) by correcting the inaccurate and incomplete information it was providing to the credit reporting agency, Experian.

**Defendant**: Defendant has the legal right to rely on the information supplied by its assignor. It is not required to independently investigate the validity of the alleged debt. Plaintiff's general allegations that he did not owe the monies were insufficient to trigger any investigation, other than to confirm identity and that the debt was alleged to be his. At no time did Plaintiff ever send Defendant and/or provide Defendant with any information which would document the fact that Plaintiff had previously sold the vehicle. At the time, a check of Department of Motor Vehicle records revealed that Plaintiff was the owner of the vehicle. Defendant was entitle to rely on the representations of its assignor, on the State of Title from the Department of Motor Vehicles, and on the Plaintiff's non specific allegations that he was simply disputing the debt.

**4. MOTIONS**

**Plaintiff:** Plaintiff does not plan to file any motions.

**Defendant:** Defendant intends to file a Summary Judgment Motion**.**

**5. AMENDMENT OF PLEADINGS:**

**Plaintiff:** Plaintiff does not plan to seek leave to amend the complaint.

**Defendants:** Defendant does not seek to amend the pleadings.

**6. EVIDENCE PRESERVATION:** The Parties are aware of their obligations with respect to document preservation and have complied with such under the facts and circumstances of this case.

**7. DISCLOSURES:** The Parties will make their Rule 26(a) (1) disclosures on or before October 15, 2012.

**8. DISCOVERY:** Discovery will be sought on all allegations, claims and affirmative defenses alleged in the Complaint and Answers and will be conducted by (including but not limited to) Depositions, Interrogatories, Requests For Admission, Requests For Production Of Documents and the Parties may also undertake non-party discovery to determine the facts surrounding Plaintiff's claims.

The Parties propose that no more than a total of 25 interrogatories shall be served by party. No more than 35 document requests and no more than 40 requests for admission shall be served per party. No more than 10 depositions shall be taken by any party.

**9. CLASS ACTIONS:** Not applicable.

**10. RELATED CASES:** There are no related cases known to the Parties at this time.

**11. RELIEF:** Plaintiff seeks actual damages, statutory damages, punitive damages, and attorney's fees and costs per statute.

**12. SETTLEMENT AND ADR:** The Parties stipulated to mediation under the ADR Multi-Option Program and requested that the mediation deadline be scheduled for 90 days from the date of the order referring the case to mediation. In addition, the parties are currently attempting to settle this matter.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** The Parties will consent to the appointment of Magistrate Judge Jacquline Corley.

**14. OTHER REFERENCES:** The Parties agree that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES:** The Parties agree that it is premature to attempt to narrow the issues, but will endeavor in good faith to do so as discovery continues and prior to trial.

**16. EXPEDITED SCHEDULE:** The Parties see no need for streamlined procedures or an expedited schedule.

**17. SCHEDULING:**

Discovery Cutoff: November 29, 2013

Designation and required disclosures of Plaintiff's Expert: December 6, 2013

Designation and required disclosures of Defendants' Experts: December 13, 2013

Dispositive Motion Filing Deadline: January 3, 2014

Hearing of Dispositive Motions: February 11, 2014, at 2:00 PM.

Pretrial Conference: April 8, 2014

Trial: Monday, May 12, 2014, or such date as may be convenient for the Court.

**18.** **TRIAL:** Plaintiff has requested a trial by jury. The Parties estimate the length of trial to be 3 days.

**19.** **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**Plaintiff:** None

**Defendant:** None

Dated: September 30, 2013

/s/ *Mark F. Anderson*
Mark F. Anderson, SBN 44787
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Ste 914
San Francisco, CA 94104
Phone: 415.651.1951
Fax: 415.500.8300
mark@aoblawyers.com

Attorney for Plaintiff Robert L. Foster

Dated: September 30, 2013

*/s/ Lloyd D. Dix*
Dix & Associates, APLC
2287 Mulholland Highway
PMB 415
Calabasas, CA 91302
Ph: 818.876.3000
Fax: 818.876.3030
Email: lloydddix@aol.com

Attorney for Defendant Lien Enforcement, Inc.